SILVERMAN, Circuit Judge,
concurring in part and dissenting in part:
The majority holds that Dr. Klecan’s report was inadmissible hearsay. I agree. The majority also holds that the admission of the report, although erroneous, did no harm That is where I respectfully disagree.
Hunt presented psychological testimony with respect to the damages she claimed to have sustained as a result of the City’s alleged unlawful treatment of her. Because Hunt claimed to have suffered anxiety and related psychological trauma caused by the defendants’ actions, the defendants were well within their rights to offer psychiatric evidence to rebut her claim. Indeed, defense expert Eugene Klecan, M.D., a psychiatrist, opined that Hunt did not suffer “any mental/emotional disorder acquired from her employment at the Portland Police.” So far so good.
But Dr Klecan went much further. In his 24-page report, Dr. Klecan opined in writing and in excruciating detail about Hunt’s character and her credibility, including her inability to accurately perceive events. Dr. Klecan wrote that due to what he characterized as Hunt’s “rigid, compulsive perfectionism” and “paranoid personality disorder,” she is incapable of self-appraisal and learning from others. She prefers to “focus with angry, self-righteous intensity upon the misdeeds of others as she perceives them, in contrast to her own perfections of thoughts and conduct as she perceives it.” People like her are given to “extreme suspiciousness” and “hysterical overreacting.” Dr. Klecan even pointed out what he deemed to be an inconsistency in Hunt’s account to him of how she came to leave the police department.
All of this was objected-to inadmissible hearsay, as the majority acknowledges. It was also inadmissible character evidence to which Hunt also objected on relevancy grounds. Although Dr. Klecan’s opinions should have been confined to whether she suffered psychological harm as a result of her employment, Dr. Klecan effectively opined that Hunt failed to succeed as a police officer — not because of any shortcomings of the police department — but due to her own personality disorders. And what’s more, she can’t even accurately perceive what went wrong. Given that Hunt’s credibility was a key issue, I fail to see how this highly prejudicial and irrelevant hearsay, which the majority agrees was wholly inadmissible, can been deemed harmless. To make matters worse, this detailed written report was received into evidence as an exhibit and allowed to go into the jury room, where it could be poured over word-for-word during the deliberations, further magnifying its'significance.
It is no answer to say that the report had been partially redacted. In the first place, none of the report should have come in, as the majority acknowledges. Hunt had made a timely, well-taken objection to the report in its entirety. Secondly, as recounted only briefly above, very damaging information survived the redaction. Finally, although Hunt’s lawyer was allowed to be heard regarding the redac- *623 tions, he did not in any way, shape, or form stipulate that the redacted report could come in. To the contrary, Hunt’s lawyer, having been dealt lemons by the district judge, attempted to make lemonade as best he could.
I agree with the majority that the district court correctly granted summary judgment in favor of the defendants on the First Amendment issue. However, because Dr. Klecan’s report was both inadmissible and extremely prejudicial, I would reverse and remand for a new trial.